IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOEL LYNN SMITH,                          )
         Plaintiff,                     )
vs.                                       )            No. 3:04-CV-0493-B
                                        )
DALLAS COUNTY, et al.,                    )      Consolidated with:
         Defendants.                    )            No. 3:04-0527-N.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

Plaintiff, a former inmate in the Texas prison system, filed a complaint against Dallas County; Bill Hill, Dallas County District Attorney; John Kull, Tom D'amore, and Bill Stovall, Dallas County Assistant District Attorneys; Tom Grett, Dallas County Assistant Public Defender; and attorney Ted Shoemaker on March 9, 2004. (*See* Compl.) Plaintiff alleges that these defendants denied him "due process of law, a presumption of innocence, and a fair and impartial hearing" by maliciously prosecuting him and denying him the reasonable assistance of counsel.[1]  (*Id.*)  He further alleges that these defendants withheld evidence that may have been favorable to him.  (*Id.*)  In his answers to

---

[1] Although it appears that plaintiff asserts a claim of "malicious prosecution" due to alleged deprivations of due process and effective assistance of counsel, the Fifth Circuit has cautioned courts about labeling a constitutional claim as one of malicious prosecution.  *See Castellano v. Fragozo*, 352 F.3d 939, 953-54 (5th Cir. 2003) (holding that "claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983 . . . Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion") (*en banc*), *cert. denied*, ___ U.S. ___, 125 S. Ct. 33 (2004).  In an abundance of caution, the Court also construes plaintiff's express "malicious prosecution" claim as claims of due process violations, ineffective assistance of counsel, and malicious prosecution under state law.

a Magistrate Judge's Questionnaire (MJQ),[2] he asserts that some of these defendants also illegally held him in custody prior to filing formal criminal charges against him.  (See Answers to Questions 1 through 7 of MJQ.)  His allegations concern events related to his arrest for possession of cocaine on September 22, 1999, and subsequent conviction on that charge pursuant to a guilty plea entered on October 12, 1999.  (See Pl.'s Brief.)  He alleges that defendants have violated his civil rights.[3]  (Id.)

On March 15, 2004, plaintiff filed a complaint against the City of Dallas Police Department; Ted Benavides,[4] City Manager; and Officers Frazier, Reuben Ramirez, and Byron Boston, Jr.  (See Compl. filed in Cause No. 3:04-CV-0527-N.)  Plaintiff alleges that he was subjected to unconstitutional racial profiling and was illegally detained prior to the filing of formal charges.  (Id.)  In his answers to the MJQ, he asserts that the racial profiling occurred on or about September 22, 1999.  (See Answer to Question 13 of MJQ.)  He further asserts that he was illegally detained from September 22, 1999, through October 12, 1999.  (See Answer to Question 14 of MJQ.)

On March 30, 2004, the Court granted plaintiff permission to proceed with his original action in forma pauperis.  (See Order of Mar. 30, 2004.)  On May 10, 2004, the Court ordered plaintiff's two cases consolidated.  (See Order of Consolidation.)  In an effort to flesh out the claims asserted in the consolidated action, the Court sent plaintiff a MJQ on August 11, 2004.  On September 10, 2004, plaintiff filed his answers.  He therein asserts that he seeks monetary damages and reversal and

---

[2]  Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  See Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

[3]  Although plaintiff fails to allege a particular basis for federal jurisdiction over his claims, the alleged violations of his civil rights suggest that jurisdiction lies in this Court under 42 U.S.C. § 1983.

[4]  Plaintiff subsequently dropped defendant Benavides from this action.  (See Answer to Question 8 of MJQ.)

expungement of his felony conviction as relief in this consolidated action. (*See* Answer to Question 18 of MJQ.)  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed with this action *in forma pauperis*.  His complaint is thus subject to screening under 28 U.S.C. § 1915(e)(2).  That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).  In addition, "[w]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

## III.  *HECK* BAR

Plaintiff seeks reversal of his felony conviction, expungement of such conviction, and monetary damages as relief for alleged violations of due process, withholding of favorable evidence, malicious prosecution, ineffective assistance of counsel, racial profiling, and illegal pre-trial detention. Section 1983 of Title 42 of the United States Code provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). State law provides a cause of action for malicious prosecution.[5]

In light of plaintiff's conviction for possession of cocaine , the Court must determine whether *Heck* applies to bar one or more of plaintiff's claims.  In *Heck,* the Supreme Court ruled that,

> in order to recover damages for allegedly unconstitutional conviction or imprison-
> ment, or for other harm caused by actions whose unlawfulness would render a con-
> viction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
> A claim for damages bearing that relationship to a conviction or sentence that has

---

[5] Although plaintiff might intend to assert a claim of "malicious prosecution" directly under 42 U.S.C. § 1983, such claim would be dismissed in light of *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (*en banc*), *cert. denied*, ___ U.S. ___, 125 S. Ct. 33 (2004).  *See Haggerty v. Texas S. Univ.*, 391 F.3d 653, 658 (5th Cir. 2004).  In *Castellano*, the Fifth Circuit held that "'malicious prosecution' standing alone is not a violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law."  *See* 352 F.3d at 942.  Because there is no "freestanding constitutional right to be free from malicious prosecution", *id.* at 945, an allegation of malicious prosecution fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983, unless the allegation relies upon some specific constitutional provision, such as the Fourth or Fourteenth Amendments, *see id.* at 961, rather than merely "satisfying the state law elements of malicious prosecution", *see Izen v. Catalina*, 382 F.3d 566, 570 (5th Cir. 2004).  In this instance, plaintiff alleges due process violations, deprivation of effective assistance of counsel, and an illegal pre-trial seizure.  The Court will consider these specific alleged violations of constitutional rights as encompassing any "malicious prosecution" claim that plaintiff might intend to bring directly under § 1983.  To the extent plaintiff bases a claim of "malicious prosecution" on a specific constitutional right, the Court will consider such claim as properly brought under § 1983.  Furthermore, as noted previously, the Court also liberally construes plaintiff's complaint as raising a claim of malicious prosecution under state law.

*not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  Furthermore, when state law claims are based on the same premise as constitutional claims under § 1983, *Heck* may also bar relief on such claims.  *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000).  Under *Heck*, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  512 U.S. at 486-87.  When success in a "§ 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  *Muhammad v. Close*, ___ U.S. ___, ___, 124 S. Ct. 1303, 1304 (2004).  In addition, courts have extended the holding in *Heck* to claims seeking declaratory or injunctive relief as well as damages under 42 U.S.C. § 1983.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998).

Plaintiff claims that defendants violated his right to due process, withheld favorable evidence, maliciously prosecuted him, deprived him of effective assistance of counsel, engaged in racial profiling, and illegally detained him in September and October 1999.  To the extent these claims necessarily imply the invalidity of plaintiff's conviction for possession of cocaine, the claims are barred by *Heck* because plaintiff concedes that his conviction has not been reversed, invalidated, or expunged prior to bringing his § 1983 action, (*see* Answers to Questions 16 and 17 of MJQ).

If the Court were to grant plaintiff relief for the alleged violation of due process and malicious prosecution, such a ruling would necessarily implicate the validity of plaintiff's conviction.  The crux

of the alleged due process violation is that defendants denied plaintiff the presumption of innocence and a fair and impartial hearing on his guilty plea by maliciously prosecuting him.  (*See* Compl.; Answers to Questions 1 through 7 of MJQ.)  A finding that defendants denied plaintiff a fair and impartial hearing or the presumption of innocence would necessarily implicate the validity of plaintiff's plea, and thus his conviction.  Malicious prosecution under state law, furthermore, requires that the court proceedings terminate in plaintiff's favor – a requirement that necessarily invalidates plaintiff's conviction, if plaintiff can prove the requisite elements of malicious prosecution.[6]

If the Court were to grant plaintiff relief for the alleged withholding of favorable evidence and ineffective assistance of counsel, such a ruling would also necessarily implicate the validity of plaintiff's conviction.  Although claims of ineffective assistance of counsel and withholding of evidence are generally raised when a prisoner challenges his conviction or sentence through a petition for writ of habeas corpus, if successful in the instant civil context, such claims would undoubtedly invalidate the underlying plea and conviction.

In addition, were the Court to grant plaintiff relief on his claim that he was illegally detained between September 22, 1999, and October 12, 1999, such ruling would also necessarily implicate the

---

[6]  A claim of malicious prosecution is a common law tort that protects an individual's "interest in freedom from unjustified litigation."  *Doe v. State*, 2 F.3d 1412, 1420 n.15 (5th Cir. 1993); *Beker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1188 n.1 (5th Cir. 1978).

> To sustain a malicious prosecution claim, Texas law requires that a plaintiff show "(1) a criminal action was commenced against him; (2) the prosecution was caused by the defendant or with his aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff."

*Id.* at 328 (quoting *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994)).  In this instance, the prosecution against plaintiff terminated with his conviction.  (*See* Answer to Question 15 of MJQ.)  Thus, plaintiff cannot succeed on his malicious prosecution claim under state law.  Further, because it is premature to file a malicious prosecution claim before the criminal action terminates in plaintiff's favor, *see Leal v. American Nat. Ins. Co.*, 928 S.W.2d 592, 597 (Tex. App. – Corpus Christi 1996, writ denied), the Court could also dismiss plaintiff's state malicious prosecution claim as premature.

validity of plaintiff's conviction, because the trial court credited that time served to his state sentence when it revoked his community supervision and entered the state judgment of conviction. (*See* App. at 87, filed on Sept. 10, 2004.)

As recognized in *Castellano*, principles of federal common law insist "that a state criminal proceeding terminate in favor of a federal plaintiff complaining of constitutional deprivations suffered in a state court prosecution, a rule reflecting powerful governmental interests in finality of judgments." 352 F.3d at 959. In this instance, plaintiff's state criminal proceeding has not terminated in his favor, and granting him relief on his constitutional and malicious-prosecution claims would necessarily implicate the invalidity of such conviction. Consequently, plaintiff's claims that defendants violated his due process rights, withheld favorable evidence, maliciously prosecuted him, deprived him of effective assistance of counsel, and illegally detained him are "legally frivolous" within the meaning of 28 U.S.C. § 1915. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule of *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated or otherwise called into question."). The Court should dismiss them "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994) (upholding dismissal with prejudice); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (same).

On the other hand, plaintiff's claim of racial profiling "does not necessarily implicate the validity" of his conviction for possession of cocaine. *See Page v. Williams*, No. 3:02-CV-1891-D, 2002 WL 31780865, at *4 (N.D. Tex. Dec. 5, 2002) (findings and recommendation accepted by District

Court which held that racial profiling does not necessarily implicate the validity of a conviction for assaulting a public servant). Such claim thus survives the bar presented by *Heck*. Because the claim survives dismissal under *Heck*, the Court considers whether plaintiff timely filed the claim.[7]

## IV. STATUTE OF LIMITATIONS

In this instance, plaintiff bases the instant § 1983 litigation on various events and omissions which occurred between September and October 1999. The lengthy delay between the alleged events and omissions and the date plaintiff filed his original complaint in this Court prompts consideration of the timeliness of this action.

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In view of Texas' two-year statute of limitations for personal injury claims, plaintiff had two years from the date that his § 1983 claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

Accrual of a § 1983 claim is governed by federal law:

> Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' A plaintiff's awareness encompasses two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.' A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required 'if the circumstances would lead a reasonable person to investigate further.'

---

[7] In *Heck*, the United States Supreme Court noted that a statute of limitations poses no difficulty while one pursues state challenges of an alleged unconstitutional conviction or sentence, because actions for damages under § 1983 "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489-90. *Heck* further noted that "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnote omitted).

*Piotrowski*, 237 F.3d at 576 (citations omitted).  In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  A claim of racial profiling accrues on the date of the alleged misconduct, *i.e.*, the date of the alleged "illegal stop, illegal search . . . and illegal arrest." *See Anderson v. Keeling*, No. 03-6019, 2003 WL 21702523, at *1 (10th Cir. July 23, 2003).

Under the facts presented by plaintiff, his claim of racial profiling accrued in 1999.  He specifically asserts that the racial profiling occurred "on or about the 22nd day of September 1999" when he was arrested.  (*See* Answer to Question 13 of MJQ.)  Despite such knowledge, he did not file his original complaint until March 9, 2004, and did not allege racial profiling until March 15, 2004.  It is clear that the claim of racial profiling is time-barred.  The Court may thus summarily dismiss this claim. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (holding that court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

Although the claim of racial profiling appears time-barred, the applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998).  "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.*  "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court.  The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted).

If not tolled, limitations generally continue "to run until the suit is commenced by the filing of the plaintiff's complaint in the clerk's office." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Plaintiff filed his original complaint after the applicable statute of limitations had expired. He provides no basis for equitable tolling under Texas or federal law. Consequently, his claim of racial profiling should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2) for his failure to file the claim within the statutory periods of limitations.

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court should dismiss the claim of racial profiling with prejudice as barred by the applicable statute of limitations. It should dismiss plaintiff's other claims with prejudice until such time as plaintiff can satisfy the *Heck* conditions.

**Signed this 11th day of February, 2005.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).